**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| ORA JOSEPH DONALDSON JR., | : | Case No. 2:22-cv-3275 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Stephanie K. Bowman |
| STATE OF OHIO DEPARTMENT OF | : | |
| REHABILITATION AND CORRECTION, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, Ora Joseph Donaldson Jr., a prisoner at the North Central Correctional Institution, brings this *pro se* action against the Ohio Department of Rehabilitation and Correction (ODRC) and the Correctional Reception Center (CRC) for personal injuries he allegedly sustained to his neck when his bunk bed collapsed while he was housed at the CRC. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

I.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

II.

Plaintiff alleges that on April 29, 2022, while he was confined at the CRC, he sustained injuries to his neck when the top bunk of the bunk bed he was lying on in his cell collapsed. (Doc. 1-1, at PageID 4). Plaintiff alleges that another inmate in his cell helped him get from underneath the collapsed frame and called for the corrections officer who was on the unit. The corrections officer then sent plaintiff to the infirmary where x-rays were done of plaintiff's neck. Plaintiff asserts that he suffered nerve injuries from the collapsed bed and, as a result, has a "90 percent loss of the use of [his] left arm[,] hand and fingers[.] [His] grip strength is only at 10

3

percent use and may be that way the rest of [his] life[.]"  Plaintiff also asserts that photographs and videos of the bed frame, as well as statements from those who witnessed the incident, were taken.

For relief, plaintiff seeks damages in the amount of $4.2 million.  (Doc. 1-1, at PageID 4).

III.

For the following reasons, plaintiff's complaint should be dismissed.

While the undersigned is sympathetic to plaintiff's allegations, the Court is without federal question jurisdiction over the complaint.  District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 8 U.S.C. § 1331.  In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

The Supreme Court has held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  However, deliberate indifference requires "a state of mind more blameworthy than negligence."  *Id.* at 835.  "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference."  *Id.* at 837.  Plaintiff's complaint does not allege that anyone at the CRC was aware

4

that plaintiff's bunk bed was faulty or that it posed a substantial risk of serious harm to plaintiff. Without such allegations, his complaint fails to allege that his injuries were the result of anything more than negligence, which is insufficient to raise a federal question. *See, e.g., Veljkovic v. First Energy Co.,* No. 1:07 CV 1991, 2007 WL 2409716, at *2 (N.D. Ohio Aug.20, 2007) ("Negligence is a cause of action which arises under state tort law. It does not support the existence of federal question jurisdiction."). *See also Cole v. Entrekin*, No. 417CV00091AKKSGC, 2017 WL 4322473, at *4 (N.D. Ala. Aug. 22, 2017), *adopted*, No. 417CV00091AKKSGC, 2017 WL 4306088 (N.D. Ala. Sept. 28, 2017) (dismissing the plaintiff's complaint at the screening stage because, *inter alia*, "the plaintiff fail[ed] to allege that any . . . defendant was even aware of the bunk bed's condition, [and thus] failed to allege any defendant's subjective knowledge of the impending danger.").

Even assuming, *arguendo*, that the complaint could be construed as alleging an Eighth Amendment claim against the defendants under 42 U.S.C. § 1983, the complaint is nevertheless subject to dismissal because neither the ODRC nor the CRC are proper defendants in a § 1983 lawsuit. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dep't of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee*

*Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).

IV.

Accordingly, in sum, the undersigned **RECOMMENDS** that any claims in the complaint asserting violations of federal law be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). To the extent that plaintiff is attempting to assert a state-law negligence claim, the undersigned **FURTHER RECOMMENDS** that the Court **DECLINE** to exercise supplemental jurisdiction and that all such state-law claims be **DISMISSED WITHOUT PREJUDCICE.** 28 U.S.C. § 1367(C)(3).

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

6

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).


November 7, 2022                                        *s/Stephanie K. Bowman*
                                                       STEPHANIE K. BOWMAN
                                                       United States Magistrate Judge