UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| ORA JOSEPH DONALDSON JR., | : Case No. 2:22-cv-3275 |
| Plaintiff, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Stephanie K. Bowman |
| STATE OF OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.*, | : |
| Defendants. | : |

**ORDER AND
REPORT AND RECOMMENDATION**

On August 30, 2022, plaintiff, Ora Joseph Donaldson, Jr., a prisoner at the North Central Correctional Complex (NCCC), in Marion, Ohio, filed this civil rights action against the Ohio Department of Rehabilitation and Correction (ODRC) and the Correctional Reception Center (CRC) for personal injuries he allegedly sustained when his bunk bed collapsed while he was housed at the CRC. (Doc. 5). By separate Order, plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 4).

On November 7, 2022, the Court issued a Report and Recommendation recommending the dismissal of plaintiff's complaint because his allegations failed to state a claim upon which relief could be granted as they sounded in negligence and were brought against defendants who were not proper defendants in a 42 U.S.C. § 1983 lawsuit. (Doc. 6).

On November 23 and November 28, 2022, respectively, plaintiff filed motions to amend his complaint. (Docs. 8, 9). On November 28, 2022, plaintiff also filed an amended complaint

and objections to the Court's November 7, 2022 Report and Recommendation. (Docs. 10, 11). On December 7 and December 19, 2022, respectively, plaintiff filed supplemental amended complaints. (Docs. 12, 13). The amended complaint, as supplemented (Docs. 10, 12, 13), includes additional defendants as well as Eighth Amendment and negligence claims relating to the collapse of plaintiff's bed; his medical care at CRC following the collapse of the bed; and the conditions, including his medical care, at NCCC.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). *See also Broyles v. Correctional Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009). For this reason, it was unnecessary for plaintiff to file a motion to amend. Nevertheless, for the sake of clarity in the record, the Court will grant the second-filed motion to amend. (Doc. 9). The Court will deny the first-filed motion to amend (Doc. 8) because it appears to relate to a different case. The amended complaint, as supplemented (Docs. 10, 12, 13), supersedes the original complaint for all purposes and will constitute the operative complaint in this matter. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted). The undersigned therefore vacates the November 7, 2022 Report and Recommendation, which relates to the original complaint, as moot.

This matter is now before the Court for a *sua sponte* review of the amended complaint, as supplemented, to determine whether the amended complaint, as supplemented, or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief

2

can be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).

I.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

3

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

II.

Plaintiff names the following defendants, in their "individual, and professional capacities," in his amended and supplemental amended complaints: ODRC Director Annette

4

Chambers-Smith; CRC Warden Josette Okereke; Roy Han, CEO of Management Training Company, a Utah Company; NCCC Warden Tom Watson; NCCC Deputy Warden Becky Joyce; NCCC Education Director David Cedar; NCCC Medical Administrator D. Whitaker; and NCCC Institutional Inspector Lori Shuler. (*See* Doc. 10, at PageID 46-47; Doc. 12, at PageID 57).

Plaintiff alleges that on April 29, 2022, while he was confined at CRC, he sustained injuries to his head, neck, and shoulder when the bed he was sleeping on in his cell collapsed. (Doc. 13, at PageID 66-67). Plaintiff asserts that he suffered nerve injuries from the collapsed bed and, as a result, the "loss of the use and grip strength of his left shoulder, arm, hand and fingers." (*Id*. at PageID 66). According to plaintiff, "the defendant[s]" had "prior knowledge of faulty prison equipment." (Doc. 10, at PageID 48). Plaintiff also blames the collapse of the bed on "prison staff conducting cell shakedowns on a constant basis," in which they "break apart" the bed frames, "causing the pins that connect the frame together to become broken, and altogether missing[.]" (Doc. 12, at PageID 59; Doc. 13, at PageID 66).

Plaintiff alleges that his cellmate witnessed the collapse and called Corrections Officer Cardin, who sent plaintiff to medical. According to plaintiff, at medical he "was only given an x-ray and aspirin." (Doc. 13, at PageID 66). Plaintiff alleges that porters then transferred the bed to another cell and, "after th[e] maintenance department in CRC repaired the bed frame[,]" another inmate was allowed to sleep in it. (*Id*. at PageID 66-67). Plaintiff alleges that pictures of the bed frame were taken. (*Id.* at PageID 67).

Plaintiff alleges that he was not seen at a hospital. (Doc. 13, at PageID 67). He further alleges that the "medical staff" at NCCC, where he is currently housed, did not have an "EMG" [sic] performed until the end of August 2022. Plaintiff also claims that the medical staff at

5

NCCC are "doing nothing" about the injury. (*Id.*). Plaintiff alleges that he was "given a medical lay in for 9 months for rehabilitation of the brachial plexus injury" but was then forced by NCCC correctional staff to return to his "job/class," where he was injured when he tripped over the arm of a vehicle lift that was sticking out from underneath of an automobile. (*Id*. at PageID 66-67). Plaintiff alleges that he was denied emergency medical services and it took several days for him to get medical care. (*Id*. at PageID 67). Plaintiff asserts that defendant Cedar, the educational director at NCCC, is at fault for his new injury. (*Id.*). Plaintiff additionally claims that he was written up for not going to his "job/class." (*Id*).

For relief, plaintiff seeks damages in the amount of $4.2 million. (Doc. 10, at PageID 48).

### III.

Based on the above allegations, plaintiff asserts that he is bringing the following claims: "[d]eliberate indifference, willful and serious misconduct, careless indifference and disregard to life and safety, gross negligence, willful and wanton negligence, [c]ulpable [n]egligence, and [c]ivil [r]ecklessness, and breach of duty on the parts of all defendants . . . under 42 U.S.C. [§] 1983[.]" (Doc. 13, at PageID 65).

For the following reasons, plaintiff's federal claims regarding the alleged events at CRC should be dismissed with prejudice for failure to state a claim upon which relief can be granted; any state-law claims relating to the alleged events at CRC should be dismissed without prejudice; and plaintiff's remaining claims arising out of the alleged conditions, including his medical care, at NCCC should be severed and dismissed without prejudice as they are improperly joined in this action.

6

First, there are no allegations in the amended and supplemental amended complaints (Docs. 10, 12, 13) against defendant Roy Han. The amended and supplemental amended complaints, therefore, fail to state a claim against this defendant.

Next, plaintiff has not stated a § 1983 claim against ODRC Director Chambers-Smith or CRC Warden Okereke. Although plaintiff generally alleges that "the defendant[s]" had "prior knowledge of faulty prison equipment" (Doc. 10, at PageID 48); "ODRC staff failed to provide . . . safety" (Doc. 12, at PageID 59); the actions of "all defendants" were "willful and wanton" (*id*.); and "ODRC CRC and staff . . . are the cause of this faulty prison issue bed frame" (Doc. 13, at PageID 66), "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable for [the alleged constitutional violation]." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.") (in turn quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Further, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d

7

416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on a claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, in the absence of any allegations that defendants Chambers-Smith or Okereke actually participated in the alleged unconstitutional actions, any claims against these defendants in their supervisory capacities are simply insufficient to give rise to an actionable § 1983 claim. *Cf. Chappell v. Morgan*, No. 2:15cv1110, 2016 WL 738098, at *4-5 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) (holding that in the absence of any allegation that supervisory prison officials were involved in or encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016).

As for plaintiff's remaining claims, they involve different events and defendants at NCCC, a prison located in the Northern District of Ohio. As the Sixth Circuit has recently reiterated:

> Federal Rule of Civil Procedure 21 provides that a district "court may at any time, on just terms, add or drop a party" or "sever any claim against a party." "Courts consider a number of factors when determining whether to sever claims, including . . . whether the claims arise out of the same transaction or occurrence" or "present some common questions of law or fact" and "whether settlement of the claims or judicial economy would be facilitated," "prejudice would be avoided," or "different witnesses and documentary proof are required." *Parchman* [*v. SLM Corp.,*] 896 F.3d [728,] 733 [6th Cir. 2018].

*Cook v. Huss*, No. 22-1440, 2022 WL 17836544, at *2 (6th Cir. Dec. 19, 2022).

8

Here, although some of plaintiff's claims arising out of the alleged events at CRC and NCCC are similar in that plaintiff challenges the medical treatment he received at both prisons, "[c]ourts in this circuit have required the transactions or occurrences that constitute a 'series' to have some substantial relationship to one another, and have explicitly rejected the argument that mere commonality among otherwise unrelated events is enough to make them part of the same series." *Harris v. Erdos*, No. 1:21-CV-104, 2022 WL 3053496, at *5 (S.D. Ohio Aug. 3, 2022) (citing cases). Where, as here, "the real issues of fact and law ar[i]se in two different jails and involve[] different causes and occurrences leading to [the] alleged constitutional injuries under § 1983," severance of the claims is appropriate. *Folse v. Ledet*, No. CV 20-2680, 2021 WL 1234531, at *4 (E.D. La. Mar. 10, 2021), *report and recommendation adopted*, No. CV 20-2680, 2021 WL 1226393 (E.D. La. Apr. 1, 2021) (finding severance under Fed. R. Civ. P. 21(a)(2) appropriate where the "witnesses and evidence necessary to establish or support the claims against" against one group of defendants "are not the same as those necessary for the claims against" another group of defendants).[1] *See also Walls v. Host Int'l, Inc.*, No. 1:15-CV-00564, 2015 WL 4644638, at *3 (N.D. Ohio Aug. 4, 2015) ("As such, many courts 'find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and the court.'") (internal citation omitted).

---

[1] To the extent that plaintiff alleges a conspiracy among the defendants, he has not alleged any facts to support his conclusory claim. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016) ("Although circumstantial evidence may prove a conspiracy, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.").

9

"[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." *Cage v. Mich.*, No. 16cv11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018). Under Fed. R. Civ. P. 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corrections*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007)) (alteration in original).

IV.

Accordingly, in sum, the undersigned **RECOMMENDS** that plaintiff's claims asserting violations of federal law at CRC be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and that the Court **DECLINE** to exercise supplemental jurisdiction over any state-law negligence claims of plaintiff's arising out of the alleged events at CRC, and that all such state-law claims be **DISMISSED WITHOUT PREJUDCICE**, *see* 28 U.S.C. § 1367(C)(3). The undersigned **FURTHER RECOMMENDS** that plaintiff's remaining claims arising out of the alleged conditions, including his medical care, at NCCC are improperly joined in this action and should be **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21.[2]

---

[2] Notably, 28 U.S.C. § 1391(b) provides that civil suits may be brought only in the judicial district where (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought.

10

**IT IS THEREFORE ORDERED THAT:**

1. The undersigned's November 7, 2022 Report and Recommendation (Doc. 6) is **VACATED as moot** in light of plaintiff's amended and supplemental amended complaints (Docs. 10, 12, 13).

2. Plaintiff's first-filed motion to amend (Doc. 8) is **DENIED.**

3. Plaintiff's second-filed motion to amend (Doc. 9) is **GRANTED.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS WITH PREJUDICE** plaintiff's claims asserting violations of federal law at CRC for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court **DECLINE** to exercise supplemental jurisdiction over any state-law negligence claims of plaintiff's arising out of the alleged events at CRC, and that all such state-law claims be **DISMISSED WITHOUT PREJUDCICE**. *See* 28 U.S.C. § 1367(C)(3).

3. The Court **SEVER** and **DISMISS** plaintiff's remaining claims arising out of alleged the conditions, including his medical care, at NCCC **WITHOUT PREJUDICE** to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2); 21. *See also Harris*, 2022 WL 3053496, at *6-7.

4. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

March 14, 2023                    *s/Stephanie K. Bowman*
                                 STEPHANIE K. BOWMAN
                                 United States Magistrate Judge